KING & SPALDING LLP
Barry N. Seidel (BS-1945)
Scott E. Eckas (SE-7479)
1185 Avenue of the Americas
New York, New York 10036

Attorneys for Defendants
American Tower Corporation, Justin Benincasa,
Norman A. Bikales, Alan Box, Arnold Chavkin,
Steven B. Dodge, David W. Garrison, William H. Hess,
David Kagan, Jack R. McDonnell, Michael Milsom,
Steven J. Moskowitz, David J. Porte, Bradley E. Singer,
James Taiclet and Joseph L. Winn

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
OFFICIAL COMMITTEE OF UNSECURED  :
CREDITORS OF VERESTAR, INC., VERESTAR :
NETWORKS, INC. AND VERESTAR :
INTERNATIONAL, INC. for and on behalf of :
itself and VERESTAR, INC., VERESTAR :
NETWORKS, INC. AND VERESTAR :
INTERNATIONAL, INC., :
                     Plaintiffs, :
     v. : Case No.: 05 CV 6268 (RPP)
  :
AMERICAN TOWER CORPORATION, :
BEAR STEARNS & CO. INC., JUSTIN :
BENINCASA, NORMAN A. BIKALES, ALAN :
BOX, ARNOLD CHAVKIN, STEVEN B. DODGE, :
DAVID W. GARRISON, WILLIAM H. HESS, :
DAVID KAGAN, MARC LAYNE, JACK R. :
McDONNELL, MICHAEL MILSOM, SCOTT :
MOSKOWITZ, STEVEN J. MOSKOWITZ, :
RAYMOND O'BRIEN, MATTHEW PETZOLD, :
DAVID J. PORTE, BRADLEY E. SINGER, :
JAMES TAICLET and JOSEPH L. WINN, :
  :
                     Defendants. :
-----------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF MOTION BY CERTAIN DEFENDANTS
TO REFER THIS ACTION TO THE BANKRUPTCY COURT**

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................................1

FACTUAL BACKGROUND ......................................................................................................3

    A.    The Verestar Debtors' Chapter 11 Cases ................................................................3

    B.    Procedural History of the Committee's Claims ......................................................4

ARGUMENT .................................................................................................................................6

POINT I    THE COMPLAINT MUST BE REFERRED TO THE BANKRUPTCY COURT AS A MATTER OF LAW ...............................................................................6

    A.    The General Reference Order ..................................................................................6

    B.    The General Reference Order Applies to the Complaint ........................................7

        1.    The Complaint is "Related to" the Verestar Debtors' Bankruptcy Cases ...........................................................................................................7

        2.    The Complaint "Arises Under" the Bankruptcy Code and "Arises In" the Verestar Debtors' Bankruptcy Cases ................................................9

POINT II    JUDICIAL ECONOMY ALSO WARRANTS REFERRAL OF THE COMPLAINT TO THE BANKRUPTCY COURT ....................................................10

CONCLUSION ............................................................................................................................11

# TABLE OF AUTHORITIES

## FEDERAL CASES

800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F.Supp. 128, 136 (S.D.N.Y. 1994) ..............................................................................................................11

Alliance Commc'ns Group, Inc. v. N. Telecom, Inc., 65 B.R. 581 (S.D.N.Y. 1986) ..................................................................................................................6

In re Casual Male Corp., 317 B.R. 472 (Bankr. S.D.N.Y. 2004) .........................................9

Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc., No. 03 CIV. 7248 (JGK), 2004 WL 224505 at *5 (S.D.N.Y. Feb. 5, 2004), reconsideration denied, 2004 WL 1286806 (S.D.N.Y. Jun. 10, 2004) ..........................7

Delcon Constr. Corp. v. Board of Ed., 299 B.R. 60 (S.D.N.Y. 2003) ..............................6, 7

Fed. Ins. Co. v. Sheldon, 167 B.R. 15 (S.D.N.Y. 1994) ................................................7, 10

Glinka v. Murad (In re Housecraft Indus. USA, Inc.), 310 F.3d 64 (2d. Cir. 2002) ...........9

Hickox v. Leeward Isles Resorts, Ltd., 224 B.R. 533 (S.D.N.Y. 1998) .......................6, 10

Kolinsky v. Russ, 100 B.R. 695 (Bankr. S.D.N.Y. 1991) ...................................................8

Masterwear Corp. v. Rubin Baum Levin Constant & Friedman (In re Masterwear Corp.), 241 B.R. 511 (Bankr. S.D.N.Y. 1999) ...............................................................8

Pan Am. World Airways, Inc. v. Evergreen Int'l Airlines, 132 B.R. 4 (S.D.N.Y. 1991) ..................................................................................................................8

Publicker Indus. Inc. v. United States (In re Cuyahoga Equip. Corp.), 980 F.2d 110 (2d. Cir. 1992) .......................................................................................................7

Rahl v. Bande, 316 B.R. 127 (S.D.N.Y. 2004) ................................................................7, 9

WorldCom Network Servs. Inc. v. Al-Khatib, No. 96 CIV. 4492 (RLC), 1998 WL 23254 (S.D.N.Y. Jan. 22, 1998) ...........................................................................10

Wyndham Assocs. v. Bintliff, 398 F.2d 614, 619 (2d Cir. 1968) .......................................11

## STATUTES

28 U.S.C. § 157 ......................................................................................................................6

28 U.S.C. § 1334 ................................................................................................................6, 7

## OTHER

General Reference Order issued July 10, 1984 by then Acting
   Chief Judge Robert J. Ward of the United States District
   Court for the Southern District of New York ....................................................2, 6, 7, 9

Defendants American Tower Corporation ("ATC"), Justin Benincasa, Norman A. Bikales, Alan Box, Arnold Chavkin, Steven B. Dodge, David W. Garrison, William H. Hess, David Kagan, Jack R. McDonnell, Michael Milsom, Steven J. Moskowitz, David J. Porte, Bradley E. Singer, James Taiclet and Joseph L. Winn (the "Individual Defendants", and together with ATC, the "Defendants") respectfully submit this memorandum of law in support of their motion to refer the above-captioned action to the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").[1] This action was commenced by the filing of a complaint, annexed to the Eckas Affidavit as <u>Exhibit A</u>, in this Court (the "Complaint") by the official committee of unsecured creditors (the "Committee") appointed in the chapter 11 cases of Verestar, Inc. and its debtor affiliates (collectively, the "Verestar Debtors").[2]

## PRELIMINARY STATEMENT

On July 8, 2005, the Committee filed two complaints: one in this Court against ATC and the other Defendants, and another in the Bankruptcy Court against ATC only. Both complaints are based on and set forth the same set of facts -- indeed, paragraphs 1 through 76 of the District Court Complaint and paragraphs 1 through 57 of the Bankruptcy Court complaint make substantially the same allegations. As demonstrated below, this action should be referred to the Bankruptcy Court where it can be adjudicated by the same Judge who will preside over the action initiated by the Bankruptcy Court complaint, and who has been and is presiding over the underlying bankruptcy cases.

---

[1] The Affidavit of Scott E. Eckas, sworn to on August 23, 2005, is submitted herewith (the "Eckas Affidavit").

[2] The Defendants reserve all of their rights and currently intend to move to dismiss portions of the Complaint. The Court has approved an agreement between the Defendants and the Committee that such motion must be filed on or before September 12, 2005.

First, the General Reference Order, issued July 10, 1984 by then Acting Chief Judge Ward of the United States District Court for the Southern District of New York (the "General Reference Order"), which is binding on all of the Judges of this Court, is applicable. The General Reference Order provides that "any or all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges for this district." That Order mandates referral to the bankruptcy court of all proceedings falling within its terms.

There is a substantial body of case law regarding application of the General Reference Order. As demonstrated below, the Complaint is squarely within the purview of the General Reference Order under that case law. This case is "related to" the Verestar Debtors' bankruptcy cases because any proceeds received from the defendants would increase creditor recoveries in the bankruptcy cases. This case also "arise[s] under" title 11 because it invokes substantive rights created by the bankruptcy law. Finally, this case "arise[s] in" the Verestar Debtors' bankruptcy cases because it would have no practical existence but for those bankruptcy cases. Although <u>only one</u> of the three tests must be met for a case to be automatically referred to the Bankruptcy Court, this case <u>meets all three</u>. <u>See</u> Point I below.

Second, considerations of judicial economy provide additional support for referring this action to the Bankruptcy Court. As noted above, this Complaint and the Bankruptcy Court complaint arise out of the same facts. Judicial economy is best served by having one court adjudicate both of these actions together. <u>See</u> Point II below.

2

# FACTUAL BACKGROUND[3]

Verestar, Inc. ("Verestar") is a wholly-owned subsidiary of ATC. Prior to its bankruptcy filing, Verestar's principal business was to own and operate teleports.[4]

## A.   The Verestar Debtors' Chapter 11 Cases

During 2001 and 2002, there was an overall decline in the global economy, and, in particular, in the telecommunications industry and the satellite industry. As a result of these market conditions and other factors, the Board of Directors of Verestar determined that Verestar should file for bankruptcy protection.

On December 22, 2003 (the "Petition Date"), the Verestar Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court. The chapter 11 cases were assigned to and are currently pending before the Honorable Allan L. Gropper, United States Bankruptcy Judge. On December 30, 2003, the United States Trustee for the Southern District of New York appointed the Committee.

Soon after the commencement of their chapter 11 cases, the Verestar Debtors determined to sell substantially all of their assets. The Debtors received Bankruptcy Court approval for an auction and sale process which culminated in the sale of assets to SES

---

[3] The facts contained herein are taken principally from the Disclosure Statement for Joint Consolidated Liquidating Plan of Reorganization, dated September 29, 2005, filed in the Bankruptcy Court by the Verestar Debtors (the "Disclosure Statement"). See Eckas Affidavit, Exhibit B. The Verestar Debtors are represented in their chapter 11 cases by Willkie Farr & Gallagher LLP. The Disclosure Statement has not yet been approved by the Bankruptcy Court, and a hearing to consider the adequacy of the Disclosure Statement has not yet been scheduled. The Committee has not filed an objection to the Disclosure Statement. Additional facts regarding the procedural history in the Bankruptcy Court are reflected on that Court's docket.

[4] A teleport is a land-based communications facility comprised of: (i) station antennas that transmit to and receive from transponders located on satellites in space certain telecommunication information; and (ii) associated land-based switches, routers, servers and transmitter equipment to enable connectivity to telecommunication networks and content providers.

3

Americom, Inc. An order approving that sale was entered by the Bankruptcy Court on April 23, 2004.

The Verestar Debtors have requested and received various extensions from the Bankruptcy Court of the period during which only the Verestar Debtors may file a plan or plans of reorganization and solicit acceptances thereof (collectively, the "Exclusive Periods"). Pursuant to the Bankruptcy Court's orders, the Exclusive Periods have not yet expired. A plan of reorganization and the associated Disclosure Statement were filed by the Verestar Debtors on September 29, 2004. The Committee has not filed an objection to the Disclosure Statement. The hearings for consideration of the adequacy of the Disclosure Statement and for confirmation of the proposed plan have been adjourned indefinitely. Accordingly, the Verestar Debtors' chapter 11 cases remain ongoing.

In the nearly two years since the Petition Date, approximately 750 motions, objections, applications and other documents have been filed with the Bankruptcy Court in the Verestar Debtors' bankruptcy cases. Numerous orders have been entered and hearings held on matters ranging from general case administration -- such as use of cash collateral, contract rejections, and the sale of Verestar's assets -- to the Committee's request for authority to pursue claims against ATC on behalf of the Verestar Debtors.

**B.     Procedural History of the Committee's Claims**

On May 7, 2004, the Committee filed a motion for an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure authorizing the Committee to conduct oral and written discovery of Defendants ATC, Steven Dodge, and Bradley Singer regarding matters related to the Verestar Debtors prior to the filing of the Complaint. ATC and Messrs. Dodge and Singer believed several aspects of the Committee's motion were objectionable. A stipulation resolving such objections was executed and approved by the Bankruptcy Court.

Over the next nine months, ATC and the Committee engaged in extensive document discovery. The Committee also conducted depositions of Messrs. Dodge and Singer, and pursued discovery against other third parties. The Bankruptcy Court supervised this discovery process and, on several occasions, addressed discovery and other disputes between ATC, the Verestar Debtors, and the Committee. During 2005, several status conferences were held before the Bankruptcy Court during which the Committee asserted its belief that creditors could potentially recover substantial funds from ATC and certain officers and directors of Verestar.

On July 12, 2004, the Bankruptcy Court approved a stipulation among the Verestar Debtors and the Committee permitting the Committee to pursue actions against ATC in the Verestar Debtors' stead. Eckas Affidavit, Exhibit G. Approximately one year later, on July 8, 2005, the Committee filed the Complaint. On that same date, the Committee also filed an adversary proceeding in the Bankruptcy Court, captioned Official Comm. of Unsecured Creditors of Verestar, Inc., v. Am. Tower Corp. (In re Verestar, Inc.) (Bankr. S.D.N.Y. 05-02259 (ALG)) (the "Bankruptcy Court Complaint"). See Eckas Affidavit, Exhibit C. The Bankruptcy Court Complaint, which alleges the exact same facts as the Complaint, sets forth the Committee's objection to ATC's claims against the Verestar Debtors, asserts that such claims should be recharacterized or equitably subordinated, and argues that the assets and liabilities of ATC should be substantively consolidated with the assets and liabilities of the Verestar Debtors.

5

## ARGUMENT

As demonstrated below, the motion to refer the Complaint to the Bankruptcy Court should be granted because (i) the General Reference Order mandates referral to the Bankruptcy Court under these circumstances and (ii) judicial economy warrants such transfer because, among other reasons, the Complaint and the Bankruptcy Court Complaint are based on the same facts.

### POINT I

### THE COMPLAINT MUST BE REFERRED TO THE BANKRUPTCY COURT AS A MATTER OF LAW

A.   **The General Reference Order**

Federal district courts are vested with non-exclusive jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Pursuant to 28 U.S.C. § 157(a), district courts may refer "any or all proceedings arising under title 11 or arising in or related to a case under title 11 . . . to the bankruptcy judges for the district." 28 U.S.C. § 157(a).

The United States District Court for the Southern District of New York entered the General Reference Order pursuant to the authority granted to it by 28 U.S.C. § 157(a). That order states that "any or all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges for this district." See Eckas Affidavit, Exhibit E. The General Reference Order, which is binding on all judges in this district, "mandate[s] referral of . . . cases to the bankruptcy court if the pending case falls within the terms of the General Reference Order and if the bankruptcy court has jurisdiction over the matter." Hickox v. Leeward Isles Resorts, Ltd., 224 B.R. 533, 539 (S.D.N.Y. 1998); Delcon Constr. Corp. v. Bd. of Ed., 299 B.R. 60, 61 (S.D.N.Y. 2003) ("It is well established that [the General Reference Order] requires referral to the bankruptcy court . . . ."); Alliance Commc'ns

6

Group, Inc. v. N. Telecom, Inc., 65 B.R. 581, 585 (S.D.N.Y. 1986) ("Referral to the bankruptcy court . . . is immediate and automatic . . . .").

B.   **The General Reference Order Applies to the Complaint**

The Complaint falls squarely within the purview of the General Reference Order because it is "related to" the Verestar Debtors' bankruptcy cases, it "arises under" the Bankruptcy Code, and it "arises in" the Verestar Debtors' bankruptcy cases. Indeed, the Committee has admitted as much by filing the Complaint pursuant to 28 U.S.C. § 1334(b), which only grants the district court jurisdiction over civil proceedings to the extent they are "arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). See Eckas Affidavit, Exhibit D (civil cover sheet filed with the Complaint by the Committee).

1.   **The Complaint is "Related to" the Verestar Debtors' Bankruptcy Cases**

The test applied in determining whether an action is "related to" a bankruptcy case is "quite broad". Delcon, 299 B.R. at 61. A proceeding is "related to" a bankruptcy case if it could have some "conceivable effect" on the administration of the debtor's estate. Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc., No. 03 CIV. 7248 (JGK), 2004 WL 224505 at *5 (S.D.N.Y. Feb. 5, 2004), reconsideration denied, 2004 WL 1286806 (S.D.N.Y. Jun. 10, 2004) (citing Publicker Indus. Inc. v. United States (In re Cuyahoga Equip. Corp.), 980 F. 2d 110, 114 (2d. Cir. 1992)) (noting that the "conceivable effect" and "significant connection" tests are equivalent); Rahl v. Bande, 316 B.R. 127, 133 (S.D.N.Y. 2004) ("A proceeding need not necessarily be against the debtor . . . to satisfy the requirements for related to jurisdiction . . . . Instead, there must be some nexus between the related civil proceeding and the title 11 case.") (internal quotations and citations omitted).

This "related to" test is met if any proceeds from the litigation would constitute assets of the estate. Delcon, 299 B.R. at 61 (citations omitted); Fed. Ins. Co. v. Sheldon, 167

7

B.R. 15, 20 (S.D.N.Y. 1994); Pan Am. World Airways, Inc. v. Evergreen Int'l Airlines, 132 B.R. 4, 8 (S.D.N.Y. 1991); Kolinsky v. Russ, 100 B.R. 695, 702 (Bankr. S.D.N.Y. 1989). Moreover, a case is "related to" a bankruptcy if the estate has an obligation to indemnify the losing party, so long as the indemnity claim has a "reasonable legal basis." Masterwear Corp. v. Rubin Baum Levin Constant & Friedman (In re Masterwear Corp.), 241 B.R. 511, 516 (Bankr. S.D.N.Y. 1999).

The Complaint is clearly "related to" the Verestar Debtors' bankruptcy cases. Here, the Committee's sole purpose in bringing this action is to increase the recoveries of the Verestar Debtors' creditors. Thus, it is plain that if the Committee is successful, there will be a direct impact on the amount of property in the Verestar Debtors' estates. Moreover, the Complaint and the Bankruptcy Court Complaint are obviously related to each other given that the facts set forth in the Bankruptcy Court Complaint are the exact same facts as those asserted in the Complaint.[5]

In addition, certain of the Individual Defendants potentially may have indemnification claims against Verestar arising under Verestar's bylaws and, in fact, several of the Individual Defendants have filed proofs of claim in the Verestar bankruptcy cases asserting such a claim.[6] The bylaws provide that Verestar may indemnify its officers and directors if certain terms and conditions are satisfied. See Eckas Affidavit, Exhibit F. The Verestar bylaws provide (at the very least) a "reasonable legal basis" for Verestar's indemnification obligations to

---

[5] It is contrary to what ought to be the Committee's goal -- maximizing the value of the Verestar Debtors' estates -- to bring two actions based on the same facts in two different courts. This will only multiply the Committee's fees and expenses.

[6] The following Individual Defendants filed proofs of claim based on indemnification rights against the Verestar Debtors:  Norm Bikales, Steven Dodge, William Hess, Michael Milsom, Steven Moskowitz, Bradley Singer, and Joseph Winn.

8

those of the Individual Defendants who served as officers and/or directors of Verestar and, thus, are sufficient to show that the Complaint is "related to" the Verestar Debtors' bankruptcy proceeding.

    2.    **The Complaint "Arises Under" the Bankruptcy Code and "Arises In" the Verestar Debtors' Bankruptcy Cases**

The General Reference Order also requires referral of any matter "arising under title 11 or arising in . . . a case under title 11." Matters satisfying the "arising under" test have been described by courts in this district as those matters that clearly "invoke[] substantive rights created by bankruptcy law." Glinka v. Murad (In re Housecraft Indus. USA, Inc.), 310 F.3d 64, 70 (2d Cir. 2002). A claim "arises in" a bankruptcy case if "by its very nature, the claim can only be brought in a bankruptcy case because it has no existence outside of bankruptcy." In re Casual Male Corp., 317 B.R. 472, 476 (Bankr. S.D.N.Y. 2004). A claim also "arises in" a bankruptcy case if such claim "would have no practical existence but for the bankruptcy." Id. at 476 (citation omitted).

The Complaint "arises under" the Bankruptcy Code in that seven of the counts alleged by the Committee (Count X through Count XVII) are avoidance claims based solely on the Bankruptcy Code. Absent the Verestar Debtors' bankruptcy cases, there could be no such claims. See Rahl, 316 B.R. at 132 (finding that a proceeding to avoid a fraudulent transfer "arises under" title 11, even though the action was originally brought in state court) (citations omitted).

The Complaint also "arises in" bankruptcy. Absent the pendency of the Verestar Debtors' bankruptcy cases, the Complaint could not have been filed and this action "would have no practical existence but for the [Verestar Debtors'] bankruptcy." The Committee only exists by operation of the provisions of the Bankruptcy Code and it may only act in accordance with

9

the powers granted to it under the Bankruptcy Code and by the Bankruptcy Court. The Committee has standing to bring this action against ATC only through the authority granted to it by the Bankruptcy Court, which approved a stipulation among the Verestar Debtors and the Committee permitting the Committee to pursue actions against ATC in the Verestar Debtors' stead. Eckas Affidavit, Exhibit G.

## POINT II

### JUDICIAL ECONOMY ALSO WARRANTS REFERRAL OF THE COMPLAINT TO THE BANKRUPTCY COURT

In determining whether a matter should be referred from the district court to the bankruptcy court, courts will consider "the interests of judicial economy" and the "inefficiencies of piecemeal adjudication". Fed. Ins. Co., 167 B.R. at 21; WorldCom Network Servs. Inc. v. Al-Khatib, No. 96 CIV. 4492 (RLC), 1998 WL 23254 at *4 (S.D.N.Y. Jan. 22, 1998) (citation omitted). Where a bankruptcy court is familiar with the parties and the facts underlying the dispute and is presiding over a similar matter, it would be an "obvious waste of judicial resources" for the matters to be heard by separate courts. Id.; see also Hickox, 224 B.R. at 539-40 (finding that judicial economy favors transferring a matter to the bankruptcy court where the bankruptcy court is familiar with the parties and the facts underlying the dispute).

In the instant action, the interest of judicial economy clearly supports referring the Complaint to the Bankruptcy Court. The Bankruptcy Court has presided over the Verestar Debtors' bankruptcy cases for almost two years. During this period, the Bankruptcy Court became familiar with the Verestar Debtors, the events leading up to their chapter 11 filing, and matters directly related to the Complaint through its supervision of the Committee's discovery of ATC and certain of the Defendants. Furthermore, to the extent the Bankruptcy Court is not already familiar with the facts underlying the Complaint, the Bankruptcy Court will soon become

intimately familiar with such facts as the Bankruptcy Court Complaint is litigated given that the factual allegations in both complaint are <u>exactly the same</u>.

Moreover, adjudicating the Bankruptcy Court Complaint and the Complaint in separate forums will result in a multiplicity of inefficiencies, including increasing the overall burden on the parties and the judicial system.  The Second Circuit has long recognized a policy "favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided."  <u>800-Flowers, Inc. v. Intercontinental Florist, Inc.</u>, 860 F. Supp. 128, 136 (S.D.N.Y. 1994) (quoting <u>Wyndham Assocs. v. Bintliff</u>, 398 F.2d 614, 619 (2d Cir. 1968)).

## CONCLUSION

For the reasons set forth above, the Defendants respectfully request entry of an order referring the Complaint to the Bankruptcy Court.

Dated: August 24, 2005
       New York, NY

KING & SPALDING LLP

By: _____
     Barry N. Seidel (BS-1945)
     Scott E. Eckas (SE-7479)

1185 Avenue of the Americas
New York, New York 10036-4003

*Attorneys for Defendants American Tower Corporation, Justin Benincasa, Norman A. Bikales, Alan Box, Arnold Chavkin, Steven B. Dodge, David W. Garrison, William H. Hess, David Kagan, Jack R. McDonnell, Michael Milsom, Steven J. Moskowitz, David J. Porte, Bradley E. Singer, James Taiclet and Joseph L. Winn*

11