UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF
VERESTAR, INC., VERESTAR
NETWORKS, INC. AND VERESTAR
INTERNATIONAL, INC. for and on
Behalf of itself and VERESTAR, INC.,
VERESTAR NETWORKS, INC. and
VERESTAR INTERNATIONAL, INC.,

                      Plaintiffs,                    05 Civ. 6268 (RPP)

**OPINION AND ORDER**

      - against -

AMERICAN TOWER
CORPORATION, BEAR STEARNS &
CO. INC., JUSTIN BENINCASA,
NORMAN A. BIKALES, ALAN BOX,
ARNOLD CHAVKIN, STEVEN B.
DODGE, DAVID W. GARRISON,
WILLIAM H. HESS, DAVID
KAGAN, MARC LAYNE, JACK R.
McDONNELL, MICHAEL MILSOM,
SCOTT MOSKOWITZ, STEVEN J.
MOSKOWITZ, RAYMOND
O'BRIEN, MATTHEW PETZOLD,
DAVID J. PORTE, BRADLEY E.
SINGER, JAMES TAICLET and
JOSEPH L. WINN,

                      Defendants.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      On December 22, 2003, Verestar, Inc., Verestar Networks, Inc., and Verestar International, Inc. ("Verestar Debtors") filed voluntary petitions for relief under Chapter 11 of title 11 of the Bankruptcy Code. On July 8, 2005, Plaintiffs, the official committee of unsecured creditors of Verestar and its debtor affiliates, filed this action in this Court demanding a jury trial

on their claims.[1]  On August 26, 2005, Defendants American Tower Corporation (ATC) and individual defendants (collectively, "Defendants") moved to refer this action to the Bankruptcy Court.  On October 11, 2005, Plaintiffs filed a cross-motion to withdraw the reference of the related adversary proceeding from the Bankruptcy Court.  Bankruptcy Judge Allan Gropper is presiding over the Verestar Debtors' bankruptcy proceedings, and has set a hearing date of January 9, 2006 to consider a motion by Defendants for a determination of whether claims by creditors are core or non-core.  For the following reasons, Defendants' motion is granted and Plaintiffs' motion is denied without prejudice to its renewal at a proper time.

**DISCUSSION**

**A. Referral to the Bankruptcy Court**

Soon after the effective date of the Bankruptcy Amendments and Federal Judgeship Act of 1984, acting Chief Judge Robert Ward of the United States District Court for the Southern District of New York entered a General Reference Order, which makes referral to the Bankruptcy Court automatic in this district:

> Pursuant to Section 157(a) of the Bankruptcy Amendments and Federal Judgeship Act of 1984, any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges for this district.

(See Eckas Affidavit, Ex. E.)

Section 157(a) of the Bankruptcy Code, which took effect on July 10, 1984, enables district courts to refer cases arising under, arising in, or related to title 11, to the bankruptcy judges for the district.  Section157(a) reads as follows:

> Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in <u>or related to</u> a case under title 11 shall be referred to the bankruptcy judges for the district.

---

[1] Plaintiffs also filed a complaint against American Tower Corporation in Bankruptcy Court on July 8, 2005.  (Pl. Mem. in Opp. at 1-2.)

28 U.S.C. 157(a)(emphasis added).

Plaintiffs do not claim that the Bankruptcy Court has determined that these claims are non-core, nor do Plaintiffs deny that these claims are related to the Verestar Chapter 11 proceedings. In fact, they concede that this action falls within the purview of the General Reference Order. (Pl. Mem. in Opp. at 7)("the District Court Action may technically fall within the terms of the General Reference Order . . . based upon 'related to' jurisdiction.) However they argue that this Court should withdraw the reference nonetheless, pursuant to Section 157(d), which states:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. 157(d).

Plaintiffs argue that, pursuant to Section 157(d), the Court should deny Defendants' motion to refer the case to the Bankruptcy Court and withdraw the case "for cause shown" because under <u>Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)</u>, 4 F.3d 1095 (2d Cir. 1993), <u>cert. dismissed</u>, 511 U.S. 1026 (1994), (Pl. Mem. in Opp. at 7), the determination of whether the claim is core or non-core is the "threshold" evaluation that must be undertaken first "since it is upon this issue that questions of efficiency and uniformity will turn." (<u>Id</u>. at 1101.) In <u>Orion</u>, the Second Circuit stated that:

> District courts in this circuit have considered a number of factors in evaluating cause: whether the claim or proceeding is core or non-core, whether it is legal or equitable, and considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law.

4 F.3d at 1101.

3

The language in <u>Orion</u> relates to the order in which a District Court should address the issues in a withdrawal motion. The Second Circuit made no decision in <u>Orion</u> as to where or when a determination as to whether the case was core or non-core should first be made. Section 157(b)(3) of the Bankruptcy Code directs that this evaluation be made by the bankruptcy judge:

> The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11. A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by State law.

28 U.S.C. § 157(b)(3).

Plaintiffs have disregarded the General Reference Order of Judge Ward stating that all proceedings related to a case under title 11 are referred to the bankruptcy judges for this district and initiated in this court an action related to the Bankruptcy Proceeding filed by the Verestar Debtors, and they have disregarded the plain structure of Section 157, which requires the core and non-core decision to be made in the first instance by the Bankruptcy Court as clearly enunciated in earlier decisions of this Court. <u>See, e.g.</u>, <u>In re Enron Corp.</u>, No. 04 Civ. 509, 2004 WL 2149124 at *3 (S.D.N.Y. September 23, 2004)("Section 157(b)(3) instructs that the bankruptcy judge should make this [core/non-core] determination in the first instance."); <u>Schneider v. Riddick (In re Formica Corp.)</u>, 305 B.R. 147, 148-149 (S.D.N.Y. 2004)("any motion to withdraw would be premature until the bankruptcy court first determined whether the case was a core or non-core proceeding.")[2] The General Reference Order is unambiguous, as is Section 157 of the Bankruptcy Code. The action is referred to the Bankruptcy Court pursuant to the General Reference Order. Plaintiffs' attempt to circumvent the strictures of the General

---

[2] In <u>In re Formica</u>, the District Court again denied Plaintiffs motion to withdraw the reference, even after the Bankruptcy Court had found that the plaintiff's case was a non-core proceeding, because the interests of efficiency and uniformity weighed against withdrawal. 305 B.R. at 149-152. Even the right to a jury trial "does not compel withdrawing the reference until the case is ready to proceed to trial." (<u>Id</u>. at 150.)

Reference Order and Section 157 by filing this action in this Court is a violation of Rule 11(b)(2).

**B. Motion to Withdraw the Reference**

Plaintiffs' cross-motion to withdraw the reference of the related adversary proceeding from the Bankruptcy Court is premature. See, e.g., In re Formica, 305 B.R. at 148-149; In re Enron, 2004 WL 2149124 at *3. Whether and when to withdraw the reference turns not only on questions of whether the claims are core or non-core, legal or equitable, but also on "considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law. Orion, 4 F.3d at 1101. These considerations include "whether the case is likely to reach trial and whether it will require extensive discovery and court oversight." In re Formica, 305 B.R. at 150. See also In re Enron, 2004 WL 2149124 at *3 ("Even if this action is a non-core proceeding, the Bankruptcy Court may still adjudicate pretrial matters not requiring the entry of final orders or judgments.")

There are advantages of efficiency and uniformity in consolidating the bankruptcy proceedings as much as possible before one judge. See, e.g., In re Kenai Corp., 136 B.R. 59, 62 (S.D.N.Y. 1992)("The interests of judicial economy and sound judicial administration militate in favor of denying defendant's motion to withdraw the reference."); In re Formica, 305 B.R. at 151 ("It is plainly in the interest of judicial economy that the plaintiff's claims against the debtor and the defendants proceed before the same judge for all issues short of trial.")  Additionally, courts are concerned with preventing forum shopping among plaintiffs, and "must employ [withdrawal] judiciously in order to prevent it from becoming just another litigation tactic for parties eager to find a way out of bankruptcy court." In re Kenai, 136 B.R. at 61; see also In re Formica, 305 B.R. at 151.

## CONCLUSION

For the foregoing reasons, the Defendants' motion to refer this action to the Bankruptcy Court is granted and the Plaintiffs' motion to withdraw the reference of the related adversary proceeding from the Bankruptcy Court is denied without prejudice to the Plaintiffs filing a motion to withdraw the reference at the appropriate time. The Bankruptcy Court is hereby authorized to determine the appropriate amount of the sanction to be imposed under Rule 11 on Plaintiffs and their counsel for filing these claims in this Court and the consequent needless litigation costs.

IT IS SO ORDERED.

Dated: New York, New York
December 15, 2005

_____
Robert P. Patterson, Jr.
U.S.D.J.

Copy of this Order sent to:

*Counsel for the Plaintiffs*
Special Litigation Counsel to the Official Committee of Unsecured Creditors of Verestar, Inc., et. al.
Cindy Kelly
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019
Tel: (212)506-1700
Fax: (212) 506-1800

*Counsel for the Defendants*
American Tower Corporation and individual defendants
Scott E. Eckas
King & Spalding, LLP(NYC)
1185 Avenue of the Americas

New York, NY 10036
212-556-2273
Fax: 212-556-2222

Bear Stearns & Co. Inc. and individual defendants
Barry H. Berke
Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036
212-715-9100
Fax: (212)-715-8000

Nancy E. Schwartzkopf, Esq.
JPMorgan Case Bank
Legal Department
One Chase Manhattan Plaza, 26th Floor
New York, NY 10081