UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF
VERESTAR, INC., VERESTAR
NETWORKS, INC. AND VERESTAR
INTERNATIONAL, INC. for and on
Behalf of itself and VERESTAR, INC.,
VERESTAR NETWORKS, INC. and
VERESTAR INTERNATIONAL, INC.,

       Plaintiffs,         05 Civ. 6268 (RPP)

**OPINION AND ORDER**

  - against -

AMERICAN TOWER
CORPORATION, BEAR STEARNS &
CO. INC., JUSTIN BENINCASA,
NORMAN A. BIKALES, ALAN BOX,
ARNOLD CHAVKIN, STEVEN B.
DODGE, DAVID W. GARRISON,
WILLIAM H. HESS, DAVID
KAGAN, MARC LAYNE, JACK R.
McDONNELL, MICHAEL MILSOM,
SCOTT MOSKOWITZ, STEVEN J.
MOSKOWITZ, RAYMOND
O'BRIEN, MATTHEW PETZOLD,
DAVID J. PORTE, BRADLEY E.
SINGER, JAMES TAICLET and
JOSEPH L. WINN,

       Defendants.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

  On December 27, 2005, Kasowitz, Benson, Torres & Friedman LLP, on behalf of itself and on behalf of its client, the Official Committee of Unsecured Creditors of Verestar, Inc., and Verestar International, Inc. ("Movants"), moved this Court for reconsideration of its December 15, 2005 Opinion and Order, which authorized the bankruptcy court to impose sanctions on

1

Movants and their counsel for violating Rule 11 of the Federal Rules of Civil Procedure. On January 9, 2006, this Court withdrew the finding of a violation of Rule 11, and permitted Movants to file papers by January 16, 2006, to state why Rule 11 was not violated in this case. On January 13, 2006, Movants filed several affidavits to supplement the motion and a memorandum of law ("Movants' Mem.") submitted on December 27, 2005. On January 31, 2006, certain Defendants submitted a Reply of Certain Defendants to the Response by the Committee and its Counsel to the Court's January 9, 2006 Order ("Def. Reply"), in which they supported the Court's preliminary finding of a violation of Rule 11, the imposition of sanctions and, in the alternative, suggested that the Court impose sanctions pursuant to its inherent power or pursuant to 28 U.S.C. § 1927, and award attorneys' fees. On February 3, 2006, the Committee filed a Response to the Unauthorized Filing by Certain Defendants and requested sanctions.

**DISCUSSION**

Movants assert that they should not be found in violation of Rule 11, maintaining that 1) 28 U.S.C. § 1409(a) provides for commencement of the action in district court, and that 28 U.S.C. § 157(a) and the General Reference Order speak to referral not commencement of an action in the district court; 2) the district court may adjudicate motions under 28 U.S.C. §§ 157(a) and (d) at the same time; 3) the district court may determine whether claims are core or non-core; 4) Movants acted in good faith and for proper purposes; 5) there were no consequent needless litigation costs; 6) Movants properly moved to withdraw the reference; and 7) there has been no violation of Rule 11 and Rule 11 is thus an inappropriate remedy. (Movants' Mem. at 6-18).

First, Movants' reliance on Section 1409(a) of Title 28 ("Venue of proceedings arising under title 11 or arising in or related to cases under title 11") is misplaced. Movants argue that

2

the Section 1409(a) language – "may be commenced in the district court in which such case is pending" – expressly permitted commencement of this action in the district court. (Movants' Mem. at 8). 28 U.S.C. § 1409(a) is a venue provision applicable throughout the United States, and thus must cover districts that do not invoke their statutory authority to refer all bankruptcy cases and related proceedings to the bankruptcy court as well as those that, like the S.D.N.Y., have done so. Movants' argument overlooks that the bankruptcy court is a unit of the district court. 28 U.S.C. § 151 ("In each judicial district, the bankruptcy judges in regular active service shall constitute a unit of the district court to be known as the bankruptcy court for that district."); See also Enron Corp. v. Arora (In re Enron Corp.), 317 B.R. 629, 637-639 (Bankr. S.D.N.Y. 2004). Under Movants' reading of Section 1409(a), it would be perfectly appropriate to file Chapter 7 or Chapter 11 petitions in bankruptcy in the district court notwithstanding the existence of a general order of reference. Movants' position is inconsistent with both the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, which specifically direct filings to the bankruptcy court (assuming that it is, as in our district, structured as a separate unit). See, e.g., 11 U.S.C. § 301 (bankruptcy cases to be commenced by filing petition "with the bankruptcy court"); FRBP 9001(3) (defining "clerk" for purposes of FRBP as bankruptcy court clerk if one is appointed in district); FRBP 5005(a) (papers to be filed with clerk); FRBP 5005(c) (papers filed erroneously with district court to be transmitted to bankruptcy court).

This court's order of reference is consistent with the authority granted to district courts by 28 U.S.C. § 157(a) to manage the administration of their bankruptcy caseload as well as with the procedure contemplated by the Code and Rules. We have referred all matters within the court's bankruptcy jurisdiction to the bankruptcy court. 28 U.S.C. § 157(d) gives parties in interest a vehicle for triggering reconsideration of the propriety of the reference of a particular matter by

3

moving, while the case or proceeding is pending in the bankruptcy court, for withdrawal of the reference in a particular case or proceeding.

As this Court noted in its Opinion and Order of December 15, 2005, Acting Chief Judge Robert Ward's General Reference Order made referral to the bankruptcy court of all proceedings arising in or related to title 11 proceedings the rule in this district:

> Pursuant to Section 157(a) of the Bankruptcy Amendments and Federal Judgeship Act of 1984, any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges for this district.

(See Eckas Affidavit, Ex. E.) Movants argue that neither the General Reference Order, nor 28 U.S.C. §§ 157(a), explicitly bars the commencement of such an action in district court. General Reference Orders of the Court, like local court rules, are administrative decisions entered into after considerable thought as to how most effectively and most efficiently to organize and decide the business that comes before the court. Movants' argument that they filed this action against Defendants in the district court to avoid needless litigation is a direct challenge to the General Reference Order and the authority of the court to issue such orders. As with local court rules, members of the Bar are not free to second guess the rationality of General Reference Orders.

Second, the cases cited by Movants do not compel a contrary result. Although a court in the District of New Jersey did disregard the automatic referral in the General Reference Order of that court and did determine to render its decision on Sections 157(a) and 157(d) at the same time (See Bernheim v. Chubb Ins. Co., 160 B.R. 42 (D.N.J. 1993)), it did so under very unusual circumstances. See infra p. 5. Those circumstances do not pertain here, and Movants' petition is wholly inconsistent with Section 157(d) of Title 28, the language of which states "The district court may withdraw, in whole or in part, any case or proceeding referred under this section . . ." (emphasis added). Although Section 157(d) does give the district courts a chance to change their

4

minds about a reference to bankruptcy court, as stated in Collier on Bankruptcy, 15th Edition Rev. P 3.02[1], Section 157(d) makes clear that this is a decision for the court after proceedings have been initiated in the bankruptcy court. See 28 U.S.C. 157(d); General Reference Order.

Movants state that "the act of commencing an action in district court when a related bankruptcy case is pending is common" and cite cases. (Movants' Mem. at 9.) None of those cases support filing actions related to a title 11 bankruptcy petition in this Court in violation of the General Reference Order. In re Chateaugay Corp., 2002 U.S. Dist. LEXIS 5318 (S.D.N.Y. Mar. 29, 2002) involved a suit originally filed in the Western District of New York. Therefore it was not subject to the General Reference Order of this court. Bernheim v. Chubb Ins. Co., 160 B.R. 42 (D.N.J. 1993) involved a suit filed in the District of New Jersey by the Debtor in the district court after he had been discharged from bankruptcy and was operating under a Confirmed Plan of Reorganization. Holcomb v. Norwest Fin., Inc., 217 B.R. 239, 241 (N.D. Ill. 1998) was not filed in this district and there the plaintiff-debtor and the court were of the opinion that his RICO claims were subject to mandatory withdrawal under 28 U.S.C. § 157(d). In Pan American World Airways, Inc. v. Evergreen Int'l Airlines, Inc., 132 B.R. 4, 8 (S.D.N.Y. 1991), the debtor had filed the district court action before its bankruptcy petition was filed. Fed. Ins. Co. v. Sheldon, 167 B.R. 15 (S.D.N.Y. 1994) was filed in the Southern District of New York, however in that case, a non-creditor, Federal Insurance Company, the insurer of directors of the Debtor, sought a declaratory judgment not against the Debtor but against the directors that the directors' liability policy did not cover certain of the claims against the directors. The issue there involved whether the claims in the action related to the Debtors' liquidation at all. (Id. at 19). Judge Leisure referred the case to the bankruptcy court. (Id. at 21). The case at bar involves a suit filed in district court by counsel for the Unsecured Creditors' Committee whose members

have filed claims in the Chapter 11 proceeding, and who believe the Debtors will not pursue certain claims rigorously.

Movants also seek to defend their commencement of the action in this Court, stating that "the claims are plenary, non-core claims against third parties (many not involved in the bankruptcy proceeding) that, for the most part, must be tried to a jury." (Movants' Mem. at 2, 13-14; Rosner Aff. ¶ 11). However, Movants have admitted previously that certain of these claims are core claims (Movants' Oct. 11, 2005 Opposition and Cross-Motion at 10-11), and Defendants are claiming that most of the claims are core (Def. Nov. 22, 2005 Reply to Opp. at 8-13; 16 n.5.) The parties' dispute highlights the wisdom of 28 U.S.C. § 157(b)(3), which assigns the first determination of core and non-core claims to the judicial officer who has all the claims before her or him and can most readily assess how the estate should be administered most efficiently, with due deference to the parties' rights to a jury trial. Movants' filing this action in this Court despite the General Reference Order seeks to evade that review by the judicial officer with the greatest knowledge of the claims of the parties and other parties in the liquidation.

Movants claim that they were:

> very much concerned that, if we filed [the action] in the Bankruptcy Court, defendants would argue that we had agreed to the Bankruptcy Court's adjudication of the action, had waived the right to move to withdraw the reference, or worse had waived or impacted at all the Committee's valuable jury trial right. We thought that, if we filed in the District Court, though the action likely would be referred, we would not ourselves have even arguably taken any action that could be construed as a waiver of the Committee's valuable jury right.

(Rosner Aff. ¶ 18; see also, Movants' Mem. at 14.) This response suggests an unfamiliarity with bankruptcy practice and the relevant statute. 28 U.S.C. § 157(d) provides that "any party" may move to "withdraw, in whole or in part, any case or proceeding referred under this section [by General Reference Order pursuant to § 157(a)] for cause shown." (28 U.S.C. § 157(d)) nor is a

6

right to a jury trial waived by filing an action in the bankruptcy court. M. Sobel, Inc. v. Weinstein (In re Weinstein), 237 B.R. 567, 575-576 (Bankr. E.D.N.Y. 1999).

Movants also claim that they were "never given any reason to doubt that they were proceeding properly." (Movants' Mem. at 14; Rosner Aff. ¶ 20; Kelly Aff. ¶¶ 13-14). Reference to the Federal Rules of Bankruptcy Procedure would have been more than sufficient to put Movants on notice as to where they should have filed and as to the impropriety of their procedure. Movants' argument is an attempt to shift the blame for Movants' not following the General Reference Order and the plain structure of § 157(b), (c), and (d). But Movants cannot imply that Defendants believed that Movants were proceeding correctly since Defendants promptly moved to refer the action to the bankruptcy court. Nor is it appropriate, as Movants suggest (Rosner Aff. ¶ 20; Kelly Aff. ¶ 13) that the Court should have proffered advice to litigants under such circumstances.

Movants claim that no unnecessary litigation costs were incurred as a result of their filing the action in this Court because they would have moved to withdraw the reference after they had filed in bankruptcy court (Movants' Mem. at 15; Rosner Aff. ¶ 24; Kelly Aff. ¶ 17 ("not a single dime was wasted on unnecessary litigation")) and that they "benefited the [D]efendants" by giving them "two bites at the apple" on briefing the issues (Rosner Aff. ¶ 24; Kelly Aff. ¶ 17).

It doesn't take a mental giant to see through this argument. Obviously Defendants would not have had to prepare a motion devoted to the applicability of the General Reference Order had that order been observed, and the costs of preparing the motion papers would not have been incurred.

Movants' argument that sanctions should not be imposed pursuant to Rule 11 is more availing. Rule 11(b) states that:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>    (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>    (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>    (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>    (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11(b).

Although there is no showing that the action filed by Movants was not well grounded in fact or that it stated causes of action not warranted by existing law, filing a complaint containing actions related to a title 11 bankruptcy proceeding in the district court despite a standing order of the court, the General Reference Order,[1] was not warranted by existing law in this district. Furthermore, although there has been no evidence showing that plaintiff had purpose to harass, cause unnecessary delay or to cause a needless increase in the cost of litigation, nevertheless the filing has caused a needless increase in the cost of litigation.

Here, the insubstantial arguments that Movants raise as to their reasons for filing the action in the district court suggest that the Movants had some other reason for that filing, namely evading a core/non-core ruling by the Bankruptcy Judge assigned and whose inclinations they had had an opportunity to assess in the prior proceedings in bankruptcy court. Indeed, Movants' affidavits in support of their motion state that one purpose in filing the action in this Court was "avoiding a potential layer of judicial review" (Kelly Aff. ¶ 5; Rosner Aff. ¶ 12). In short, the

---

[1] Movants' reference to the General Reference Order as an internal order is incorrect. It is directed to the Bar of this court and has been uniformly observed by parties to insolvencies for over twenty years.

implication is that rather than have the bankruptcy court proceed, pursuant to the provisions of 28 U.S.C. § 157(b)(3), to make the initial core/non-core determination subject to review by the district court, they were seeking by filing in the district court to have the core/non-core determination made by the district court without the benefit of that prior review. This stratagem amounts to judge-shopping and should not be countenanced. Local Civil and Criminal Rules and General Reference Orders are directed to all members of the bar of this court, and in part are directed to preventing the undesirable practice of judge-shopping.[2]

Movants point out that In re Pennie & Edmonds LLP, 323 F.3d 86, 89 (2d Cir. 2003) and HD Brous & Co. v. Mrzyglocki, No. 03 Civ. 8385, 2004 U.S. Dist. LEXIS 11245, *4-8 (S.D.N.Y. June 16, 2004) hold that courts in the Second Circuit may only impose sua sponte sanctions in situations that are "akin to contempt of court" and that for sanctions to be imposed here the court must find subjective bad faith. Here, however, Movants' filing the action in the district court was a violation of a standing order of the court, the General Reference Order, that was clear and unambiguous. Movants do not cite, and the Court has been unable to find, any opinion issued after the issuance of the General Reference Order in which a debtor or creditor of the debtor has filed an adversary complaint in this district court.

Movants point out that on two occasions the district courts in Illinois and New Jersey have allowed cases to be filed in the district court despite the existence of General Reference Orders in these courts and maintain that in reliance on those cases they filed this action in this Court. As the Court has pointed out, these cases involved special circumstances not relevant

---

[2] Movants cite Sussman v. Bank of Israel, 56 F.3d 450, 457-59 (2d Cir. 1995), in which the Court declined to impose Rule 11 sanctions on plaintiff for selection of an inconvenient forum, although venue was proper. Here, however, the forum selected by plaintiff was contrary to the plain language of the General Reference Order of the District Court.

9

here.³ Nevertheless, in view of the lengthy affidavits of good faith filed by Counsel for the Movants, the Court declines to sanction the Movants. It also denies Movants' motion to sanction the Defendants.

　　　　IT IS SO ORDERED.

Dated: New York, New York
　　　　March 23, 2006

　　　　　　　　　　　　　　　　　　　　　　　　　Robert P. Patterson, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　　U.S.D.J.

Copy of this Order sent to:

*Counsel for the Plaintiffs*
Special Litigation Counsel to the Official Committee of Unsecured Creditors of Verestar, Inc., *et. al.*
Cindy Kelly
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, NY 10019
Tel: (212)506-1700
Fax: (212) 506-1800

*Counsel for the Defendants*
American Tower Corporation and individual defendants
Scott E. Eckas
King & Spalding, LLP (NYC)
1185 Avenue of the Americas
New York, NY 10036
212-556-2273
Fax: 212-556-2222

Bear Stearns & Co. Inc. and individual defendants
Barry H Berke
Kramer Levin Naftalis & Frankel, LLP
1177 Avenue of the Americas
New York, NY 10036
212-715-9100
Fax: (212)-715-8000

---

³ The Court has been able to find one additional case in which the district court in New Jersey discussed that district's reference order as an order which "generally refers [cases] to the bankruptcy court." Dailey v. First Peoples Bank of New Jersey, 76 B.R. 963 (D.N.J. 1987).

10